IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| INTEGRATED BUSINESS PLANNING ASSOCIATES, INC., an Illinois corporation,<br><br>Plaintiff,<br>v.<br><br>OPERATIONAL RESULTS, INC., a Delaware corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S [62] MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT<br><br>Case No. 2:22-cv-00733-JNP-CMR<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 14). Before the court is Plaintiff Integrated Business Planning Associates, Inc.'s (Plaintiff) Motion for Leave to File First Amended Complaint (Motion) (ECF 62), Defendant Operational Results, Inc.'s (Defendant) Response in opposition (ECF 70), and Plaintiff's Reply (ECF 73). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter on the materials presented in the written memoranda. *See* DUCivR 7-1(g). For the reasons herein, the court GRANTS the Motion.

I.     BACKGROUND

Plaintiff filed a Complaint against Defendant to assert claims for breach of contract and violation of the Utah Sales Representative Commission Payment Act (ECF 1). This initial Complaint referenced a Referral Agreement and commissions that Plaintiff alleges should have been paid (ECF 1). According to Plaintiff, the proposed amendments "clarify the source and nature of" Defendant's obligations (ECF 62 at 2) and seeks leave to add breaches of a series of agreements, namely a 2016 Agreement, a 2018 Mutual Referral Agreement, and a 2019 Software Services Agreement (ECF 62-2). Plaintiff also argues these agreements were addressed in

1

Defendant's initial and amended counterclaim (ECF 8, 25) and through discovery (ECF 62 at 8). Plaintiff also argues the court's ruling on a motion for summary judgment addressed only the 2018 Mutual Referral Fee Agreement, but noted three agreements were entered into, only one of which was the subject of the summary judgment ruling (ECF 77 at 4 n.3).

Defendant disputes Plaintiff is merely clarifying its existing claims as the initial Complaint only dealt with the 2018 Mutual Referral Agreement, but the amendment seeks to adds additional agreements under which Plaintiff seeks to recover (ECF 70). Defendant argues undue delay and prejudice, arguing the amendment is untimely as it was filed nearly a year and half after the initial Complaint was filed, is not based on new facts or evidence but agreements known to Plaintiff, is improperly filed after partial summary judgment was granted in Defendant's favor, and is prejudiced because discovery is closed, and therefore Defendant "will not be able to pursue discovery" (ECF 70 at 9).

Per the Second Amended Scheduling Order, the deadline to amend was March 27, 2024 (ECF 47), and the Motion was filed on March 26, 2024 (ECF 62).

## II.  LEGAL STANDARD

Plaintiff may amend "only with the opposing party's written consent or the court's leave" pursuant to Federal Rule of Civil Procedure 15(a)(2). "Although district courts enjoy discretion" in granting leave to amend, *Quintana v. Santa Fe Cty. Bd. of Commissioners*, 973 F.3d 1022, 1033 (10th Cir. 2020), Rule 15 instructs courts to "freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). The purpose of this rule is to provide litigants "the maximum opportunity for each claim to be decided on its merits." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue

prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

### III.    DISCUSSION

Defendant argues undue delay as the Motion was filed nearly a year and a half after the November 23, 2022, filing of the initial Complaint. Notwithstanding, the court finds the Motion is timely and filed within the time allowed by the Second Amended Scheduling Order (ECF 4), which allowed a motion to amend until March 27, 2024. The present Motion was filed on March 26, 2024 (ECF 62). *See, e.g.*, *Strand v. USANA Health Scis., Inc.*, No. 217CV00925HCNJCB, 2020 WL 3639928, at *2 (D. Utah July 6, 2020) (granting leave to amend over two and a half years after litigation began where the amendment was within the allotted time for amendments and trial has not been scheduled). Consistent with the *Strand* case, no trial date has been set in this matter. *Id*.

Defendant also argues undue delay as Plaintiff knew of the underlying agreements and was dilatory in timely filing a motion to amend. Plaintiff does not appear to dispute knowledge of multiple agreements but argues that discovery was needed to clarify which agreements covered which customers and the parties' intentions on the three contracts. Once discovery provided some clarity, and after the ruling on the motion for summary judgment, Plaintiff sought leave to amend (ECF 62 at 6). The court finds this a reasonable explanation for any delay.

With regard to prejudice, in the reply Plaintiff declares "the proposed amendment do[es] not require additional discovery" (ECF 73). In the opposition, however, Defendant argues prejudice because the discovery period has closed but do not provide any additional argument or explanation. As the agreements were included in the counterclaim of Defendant, it is not clear that

3

more discovery is necessary. However, if there is a valid basis, Defendant could move to reopen discovery. Regardless the court finds any prejudice does not outweigh amendment in this matter.

Finally, while Defendant argues the amendment provides new theories of recovery, Defendant itself references the agreements in the counterclaims. "An amendment is not prejudicial . . . if it merely adds an additional theory of recovery to the facts already pled." *Alfwear, Inc. v. Kulkote*, LLC, Case No. 2:19-cv-00027-CW-JCB, 2020 WL 4001242, at *2 (D. Utah Jul 15, 2020). There is therefore no prejudice in allowing amendment.

Defendant also argues amendment should be denied as it came after an adverse ruling, citing to *Minter* and similar cases, for the position that leave to amend after entry of summary judgment is disfavored. 451 F.3d. at 1206 ("Courts will properly deny a motion to amend when it appears that plaintiff is using Rule 15 to make the complaint 'a moving target,' [or] "to salvage a lost case by untimely suggestion of new theories of recovery. . . . "). The court is unable to find evidence of intent to make the complaint a moving target or intent to salvage a lost case. As discussed above, the counterclaim and discovery covered more than the agreement noted in the initial Complaint. Moreover, the court in *Minter* ruled that even though the plaintiff's proposed amendment complaint came just three weeks before trial, it would not have unduly prejudiced the defendants due to the "significant overlap in factual underpinning and defenses." *Id.* at 1208. The same is true in the present matter. The court therefore finds no prejudice to Defendant.

Failure to cure deficiencies by amendments previously allowed and futility of amendment are not at issue.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion (ECF 62) is GRANTED. The court directs Plaintiff to file an Amended Complaint within ten (10) days.

IT IS SO ORDERED.

DATED this 25 November 2024.

                                                  *Cecilia M. Romero*
                                                  Magistrate Judge Cecilia M. Romero
                                                  United States District Court for the District of Utah