IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| INTEGRATED BUSINESS PLANNING ASSOCIATES, INC., an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>OPERATIONAL RESULTS, INC., a Delaware corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S [74] MOTION TO REOPEN DISCOVERY FOR LIMITED PURPOSE<br><br>Case No. 2:22-cv-00733-JNP-CMR<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 14). Before the court is Plaintiff Integrated Business Planning Associates, Inc.'s (Plaintiff) Motion to Reopen Discovery for Limited Purpose (Motion) (ECF 74), and Defendant Operational Results, Inc.'s (Defendant) Response (ECF 75). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter on the materials presented in the written memoranda. *See* DUCivR 7-1(g). For the reasons herein, the court GRANTS the Motion.

**I.    BACKGROUND**

Plaintiff filed a Complaint against Defendant to assert claims for breach of contract (ECF 1). Per the Second Amended Scheduling Order, close of fact discovery was set for February 14, 2024 (ECF 47). In the present Motion, Plaintiff claims that Defendant produced 28,000 requested documents (Documents) (ECF 74, Ex. A at 6–8) in April 2024 (ECF 74 at 2). The Documents originate from a messaging application, Slack (*id.*). Defendant does not contest that it produced the Documents after the close of fact discovery (ECF 75 at 1). Plaintiff claims that the Documents

1

contained information "responsive to multiple, outstanding discovery requests," specifically, Request for Production (RFP) Nos. 6–10, 13–15, and 17 (ECF 74 at 3).

On May 17, 2024, Plaintiff filed its Motion pursuant to Federal Rules of Civil Procedure 16 and 37 (ECF 74 at 2).[1] Plaintiff seeks an extension of the discovery deadline for the limited purpose of focusing "exclusively on the new information obtained from [Defendant's] late production" (*id.* at 2). Plaintiff requests to reopen the depositions of witnesses Brant Slade and Beau Hunter "for no more than 2.5 hours and 1 hour, respectively," and James Barlow for 2.5 hours limited to his involvement with the Documents (*id.*). Plaintiff argues that the Documents include "highly relevant information" and that its request for additional deposition time "satisfies the factors for reopening discovery" because the Documents were produced after February 2024 depositions were taken and Plaintiff was "unable to utilize those [D]ocuments in depositions" (*id.* at 2–3). Defendant counters that its late production "does not necessitate or justify additional depositions" because relevant analysis factors "show that additional discovery is unwarranted" (ECF 75 at 1, 3).

## II.     LEGAL STANDARD

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Relevant factors for courts to consider in determining whether good cause exists to reopen discovery include:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

---

[1] Although Plaintiff mentions Federal Rule of Civil Procedure 37 in the Motion, (ECF 74 at 2), Plaintiff does not address nor brief the rule with specificity. Because the Motion pertains to case scheduling, the court reviews the Motion under Federal Rules of Civil Procedure 16 and 6.

2

*Trove Brands, LLC v. Hut Grp. Ltd.*, No. 2:20-CV-00803, 2022 WL 2835470, at *1 (D. Utah July 20, 2022) (quoting *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987)).

Further, under Federal Rule of Civil Procedure 16. "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney [,] fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). However, Rule 6(b)(1)(B) is also implicated with Rule 16(b)(4) when a party requests to "extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Rule 6 should be "liberally construed to advance the goal of trying each case on the merits." *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016).

Excusable neglect requires "some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified." *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700 (10th Cir. 2017) (quoting *Broitman v. Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996)). However, good cause invokes a higher standard that requires "the moving party to show the deadline 'cannot be met despite the movant's diligent efforts.'" *Id.* at 701 (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)). The good cause standard is analyzed as a threshold inquiry, and only after it is met, does the court move on to excusable neglect analysis. *See id.* at 700. Relevant excusable neglect factors include:

> (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith.

*Miller v. Power*, No. 2:20-cv-00210, 2023 WL 6976602, at *1 (D. Utah Oct. 23, 2023).

### III. DISCUSSION

#### i. The Court Finds Good Cause to Reopen Discovery for Limited Purpose.

##### 1. Imminence of trial

The first factor is whether trial is imminent. Trial is not currently imminent, and no date has been set. This factor weighs in favor of finding good cause as there will be no effect of delaying trial proceedings. *See Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) (finding this factor weighed towards denial of movant's request to reopen discovery when movant "sought extensions of discovery immediately prior to scheduled trial settings and on the morning of trial.").

##### ii. Opposition to request to reopen discovery

The second factor is whether the request is opposed. Because Defendant does oppose the request, this factor weighs against finding good cause (ECF 75 at 1).

##### iii. Prejudice to the non-moving party

The third factor is whether reopening discovery would prejudice Defendant. Defendant does not give specific reasons why or explain how it would be prejudiced if the Motion was granted. Defendant merely states that a second deposition on deponent Beau Hunter would be "oppressive" (ECF 75 at 3). There is no argument as to how reopening discovery for limited purpose would "further delay[] resolution of this lawsuit" or affect Defendant's current litigation position. *See Sexton v. Poulsen & Skousen P.C.*, No. 217CV01008JNPCMR, 2020 WL 6898272, at *2 (D. Utah Nov. 23, 2020) (finding prejudice to nonmovant because reopening discovery would "essentially set the case back to square one, dramatically increasing the cost to pursue the lawsuit and the time it will take to arrive at a resolution"). Thus, the court finds that, in the absence of any explanation as to how Defendant may be prejudiced by additional depositions, this factor weighs in favor of finding good cause.

### iv. Diligence in obtaining discovery

The fourth factor is whether Plaintiff was diligent in "obtaining discovery in the period provided by the initial discovery period." *Sexton*, 2020 WL 6898272, at *3. Despite Defendant's contention that Plaintiff was "not diligent" in pursuing the Documents (ECF 75 at 3), the court does not find Defendant's argument persuasive. The court is not inclined to find dilatory behavior where Plaintiff reasonably presumed Defendant had produced all documents responsive to Plaintiff's First Set of Document Requests. Additionally, Defendant has the duty to "supplement or correct its disclosure or response" under Federal Rule of Civil Procedure 26(e) and did not timely meet that duty when it produced the Documents months after the close of fact discovery. The court thus finds that Plaintiff was diligent in obtaining discovery. This factor weighs in favor of finding good cause.

### v. Foreseeability of the need for additional discovery

The fifth factor is whether the need for additional discovery was foreseeable. Plaintiff argues that it "could not have foreseen the need to depose witnesses" on the topic of the Documents and that the "requested testimony was impossible to pursue prior to [Defendant's] production" (ECF 74 at 3). Defendant counters that Plaintiff's employees "regularly corresponded with [Defendant's] employees" on the messaging application and Plaintiff could have foreseen the need to seek additional discovery based on Plaintiff's prior communications with Defendant on the messaging application (ECF 75 at 2–3).

In *Trove Brands, LLC v. Hut Grp. Ltd.*, No. 2:20-CV-00803, 2022 WL 2835470 (D. Utah July 20, 2022), the court found good cause to reopen discovery for limited purpose under the Rule 16 factors when the opposing non-moving party made an untimely production of "documents responsive to discovery requests." *Id.* at *1–2. The moving party in that case "could not have

5

foreseen the need to depose [] on the topic" of the documents. *Id.* Here, as in *Trove Brands*, the Documents correspond with several outstanding discovery requests (Ex. A at 5–8), and Plaintiff could not have foreseen the need to depose witnesses on information contained in the "voluminous" 28,000 Documents. *See Trove Brands*, 2022 WL 2835470, at *2. Although Defendant disputes the timing of when Plaintiff found out about the communications contained in the Document, (ECF 75 at 2), the court does not give this argument much weight because the Documents should have been timely produced as requested by Plaintiff's First Set of Document Requests (Ex. A at 5–8). *See* Fed. R. Civ. P. 26(e). Had the Documents been timely produced, Plaintiff could have foreseen the need to depose the requested witnesses, Brant Slade, Beau Hunter, and James Barlow. Thus, the court finds that this factor weighs in favor of finding good cause.

### vi. Likelihood that discovery would lead to relevant evidence

The final and sixth factor to consider is the likelihood that discovery would lead to relevant evidence. Plaintiff argues that reopening discovery would lead to relevant evidence because the Documents are responsive to "multiple [] outstanding discovery requests" (*see* Ex. A at 5–8). Defendant counters that the Documents "added nothing to the mix of information already available" and that "many of the documents are extraneous" (ECF 75 at 2). Considering the volume of the Documents and responsiveness to outstanding discovery requests, the court finds that a limited 30(b)(6) deposition regarding the Documents is likely to lead to relevant evidence and is proportional to the needs of the case. *See* Fed. R. Civ P. 26(b)(1).

Having considered the relevant factors, the court finds that all factors, except for opposition by Defendant, weigh in favor of finding good cause to grant the Motion.

### 2. The Court Finds Excusable Neglect to Reopen Discovery for Limited Purpose.

#### i. *The danger of prejudice to the nonmoving party*

The first factor for consideration is the prejudice to the nonmoving party. As noted above, if Plaintiff's Motion were granted, prejudice to Defendant would be minimal. Defendant does not argue as to how it may be prejudiced beyond an "oppressive" second deposition (ECF 75 at 3), therefore, the prejudice factor weighs in favor of finding excusable neglect. *See Miller*, 2023 WL 6976602, at *2.

#### ii. *The length of the delay and its potential impact on judicial proceedings*

The second factor for consideration is the length of the delay and potential impacts on judicial proceedings. The court looks to whether trial has been set and if there is "foreseeable impact on the administration of proceedings if relief is granted." *Id.* At present, trial has not been set, and there is not a foreseeable impact on proceedings. Additionally, Plaintiff filed its Motion only one month after receiving the Documents and "acted reasonably promptly" to address the discovery issue. *Id.* The court thus finds that the length of delay and impact on proceedings weighs in favor of finding excusable neglect.

#### iii. *The reason for the delay*

The third factor for consideration is the reason for the delay. In *Miller v. Power*, No. 2:20-CV-00210-DBB, 2023 WL 6976602 (D. Utah Oct. 23, 2023), the court weighed this factor against relief because of movant's "negligent calendaring of the deadline caused the delay." *Id.* at *3. In the present case, it was Defendant who was admittedly the reason for delay (*see* ECF 75 at 1). Plaintiff could only file its Motion after the close of discovery because Defendant produced after close of discovery. Thus, the court finds that this factor weighs in favor of finding excusable neglect.

> *iv. Whether the movant acted in good faith*

The fourth factor for consideration is whether the movant acted in good faith in seeking the extension. Neither Plaintiff or Defendant "suggest[] that bad faith contributed to the delay." *Miller*, 2023 WL 6976602, at *3. Thus, this factor weighs in favor of finding excusable neglect.

In summary, all factors weigh in favor of finding excusable neglect. The court therefore finds it appropriate to reopen discovery for the limited purpose of taking the requested depositions.

## IV. CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Reopen Discovery for Limited Purpose (ECF 74) is GRANTED.

2. Plaintiff may depose Brant Slade and Beau Hunter for no more than 2.5 hours and 1 hour, respectively.

3. Plaintiff may depose James Barlow for 2.5 hours regarding his involvement in the Slack messages.

4. The above depositions must take place within 30 days of today's date.

IT IS SO ORDERED.

DATED this 25 November 2024.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah