IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| INTEGRATED BUSINESS PLANNING ASSOCIATES, INC., an Illinois corporation,<br><br>Plaintiff,<br>v.<br><br>OPERATIONAL RESULTS, INC., a Delaware corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S [117] MOTION FOR LEAVE TO AMEND AND DENYING PLAINTIFF'S [115] MOTION TO STRIKE<br><br>Case No. 2:22-cv-00733-JNP-CMR<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 14). Before the court is Plaintiff Integrated Business Planning Associates, Inc.'s (Plaintiff) Motion to Strike (ECF 115) regarding Defendant Operational Results, Inc.'s (Defendant) Second Amended Counterclaims (ECF 111). Also before the court is Defendant's Motion for Leave to Amend Counterclaims (Motion to Amend) (ECF 117). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter on the materials presented in the written memoranda. *See* DUCivR 7-1(g). For the reasons herein, the court GRANTS Defendant's Motion to Amend and DENIES Plaintiff's Motion to Strike.

I.   BACKGROUND

On November 23, 2022, Plaintiff filed a Complaint asserting claims for breach of contract to recover unpaid referral fees (ECF 1). On December 30, 2022, Defendant filed its Answer and Counterclaims (ECF 8), which were amended by stipulation on March 7, 2023 (First Amended Counterclaims) (ECF 25). On November 30, 2023, the court entered the Second Amended Scheduling Order setting the deadline for amending pleadings on March 27, 2024 (ECF 47). On

the day before the deadline, Plaintiff sought leave to amend its claims to add breaches of a 2016 Agreement, a 2018 Mutual Referral Agreement, and a 2019 Software Services Agreement, which the court granted on November 25, 2024 (ECF 100). On the next day, Plaintiff filed its First Amended Complaint (ECF 102 (redacted); ECF 104 (sealed)). On January 10, 2025, Defendant filed its Answer and Second Amended Counterclaims (ECF 110 (redacted); ECF 111 (sealed)) without leave of court.

On January 24, 2025, Plaintiff filed the instant Motion to Strike (ECF 115) asking the court to strike Defendant's Second Amended Counterclaims. In response, on February 7, 2025, Defendant filed an opposition (ECF 116) as well as its Motion to Amend (ECF 117) asking the court for leave to file its Second Amended Counterclaims. Plaintiff opposes amendment on the grounds that it is untimely and prejudicial (ECF 122). Reply memoranda were also filed in support of each motion (ECF 119, 123). The court has since ruled on a motion for summary judgment filed by Defendant (ECF 125), and a motion for summary judgment filed by Plaintiff is currently pending (ECF 129). Neither party has requested amendment of the scheduling order.

## II. LEGAL STANDARD

After a scheduling order deadline has passed, a party seeking leave to amend its pleading "must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch Ltd. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). The court "will first determine whether the moving party has established good cause within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion." *StorageCraft Tech. Corp. v. Persistent Telecom Sols., Inc.*, No. 2:14-CV-76-DAK, 2016 WL 3435189, at *8 (D. Utah June 17, 2016) (quoting *Carefusion 213, LLC v. Prof'l Disposables, Inc.*, No. CIV.A. 09-2626-KHV, 2010 WL 4004874, at *3–4 (D. Kan. Oct. 12, 2010)). "Only after

determining that good cause has been established will the [c]ourt proceed to determine if the more liberal Rule 15(a) standard for amendment has been satisfied." *Id.* (quoting *Carefusion 213*, 2010 WL 4004874, at *3–4). This "good cause" requirement requires the movant to show the "scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch*, 771 F.3d at 1240 (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)).

Plaintiff may amend "only with the opposing party's written consent or the court's leave" pursuant to Federal Rule of Civil Procedure 15(a)(2). "Although district courts enjoy discretion" in granting leave to amend, *Quintana v. Santa Fe Cty. Bd. of Commissioners*, 973 F.3d 1022, 1033 (10th Cir. 2020), Rule 15 instructs courts to "freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). The purpose of this rule is to provide litigants "the maximum opportunity for each claim to be decided on its merits." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

### III. DISCUSSION

#### A. Amendment as a matter of right

In response to Plaintiff's Motion to Strike, Defendant argues that the amendment of its counterclaims was as a matter of right (ECF 116 at 7–11). The Order granting Plaintiff leave to amend was entered on November 25, 2024 (ECF 100), Plaintiff filed the First Amended Complaint the next day (ECF 102), and Defendant filed its Answer and Second Amended Counterclaims on January 10, 2025 (ECF 110 & 111) within the responsive pleading deadline. Defendant did not

seek leave of court because of its position that the amendment was as a matter of right and filed the Motion to Amend on February 7, 2025, as an alternative request for relief in opposing Plaintiff's Motion to Strike.

Courts have taken three different approaches when deciding whether a party may include counterclaims as of right when answering an amended complaint—the permissive approach, the moderate approach, and the narrow approach. *See Hydro Engineering, Inc. v. Petter Investments, Inc.*, No. 2:11-cv-00139-RJS-EJF, 2013 WL 1194732, at *2 (D. Utah Mar. 22, 2013). Although the Tenth Circuit does not appear to have addressed this issue, this court has followed the moderate approach. *See, e.g.*, *id.*; *Bradley v. Worthington Industries*, No. 2:18-cv-00486-BSJ, 2020 WL 2736022, at *1 (D. Utah May 26, 2020); *US Magnesium, LLC v. ATI Titanium LLC*, No. 2:17-cv-00923-HCN-PMW, 2020 WL 2616212, at *1–2 (D. Utah May 22, 2020). Under this approach, "[w]hen a plaintiff files an amended complaint which changes the theory or scope of the case, the defendant is allowed to plead anew as though it were the original complaint filed by the plaintiff." *Hydro Engineering*, 2013 WL 1194732, at *3 (quoting *Tralon Corp. v. Cedarrapids, Inc.*, 966 F. Supp. 812, 832 (N.D. Iowa 1997)). However, "if an amended complaint does not change the theory or scope of the case, a [Defendant] must seek leave of court pursuant to Rule 15(a)[.]" *Id.* (quoting *Tralon*, 966 F. Supp. at 832).

Defendant argues that Plaintiff's First Amended Complaint changed the scope and theory of the case because Plaintiff added two new contracts—the 2016 Agreement and the 2019 Agreement—under which it claims Defendant owes referral fees and by including new claims for account stated and unjust enrichment (ECF 116 at 9–10). In support of this argument, Defendant relies on *Hydro Engineering* and *Uniroyal Chem. Co. v. Syngenta Crop Prot., Inc.*, No. 3:02CV02253 (AHN), 2005 WL 677806, at *3 (D. Conn. Mar. 23, 2005). In *Hydro Engineering*,

the court concluded because the plaintiff's amended complaint asserting new claims for tortious interference, civil conspiracy, and fraud "expand[ed] the scope and theory of the case, [the defendant] receives 'a fresh start'" in responding. 2013 WL 1194732, at *1 (quoting *Tralon*, 966 F. Supp. at 832). Similarly, in *Uniroyal Chemical Co.*, the court found the plaintiff's addition of unjust enrichment and trade secrets claims were "not modest or insignificant changes. Rather, they expanded the scope of the case," and it was "only fair and equitable" for the defendant to add its counterclaims. 2005 WL 677806, at *3.

Plaintiff argues that the court has already found that the First Amended Complaint did not change the scope or theory of the case in its November 25, 2024 Order stating there was "significant overlap in the factual underpinning" of the original Complaint and the First Amended Complaint and that the court was "unable to find evidence of intent to make the complaint a moving target" (ECF 100 at 4). Plaintiff points to *Menapace* and *US Magnesium* to further support its argument. *See Menapace v. Alaska Nat'l Ins. Co.*, No. 20-CV-00053-REB-STV, 2021 WL 2012324, at *7 (D. Colo. May 20, 2021) (striking counterclaims filed without leave where the plaintiff's amended complaint simply "provided more specificity to the bases for Plaintiff's claims . . . and conformed to the evidence"); *US Magnesium*, 2020 WL 2616212, at *1–2 (holding the defendant was not entitled to amend as of right where the "overall substance of Plaintiff's second amended complaint remain[ed] the same").

Having considered the parties' respective arguments, the court agrees with Plaintiff that the circumstances of his case most resemble the *Menapace* and *US Magnesium* cases. As noted by Plaintiff, the parties' pleadings have long demonstrated that this lawsuit involves Plaintiff's claims for payment under the parties' three agreements (ECF 1 at ¶¶ 2, 13–15; ECF 26 at ¶¶ 9–11, 13). Plaintiff asserted from the outset of this lawsuit that it commits substantial labor costs and

5

resources to market Defendant's software and service customers referred to Defendant (ECF 1 at ¶¶ 11, 18), which is the basis for its unjust enrichment claim. Plaintiff also raised Defendant's agreement to pay referral fees as the basis for an Account Stated claim (ECF 26 at 17). Because Plaintiff's First Amended Complaint thus conformed to the evidence and maintained the overall substance of the original Complaint, the court concludes that Defendant was not entitled to amend its counterclaims as a matter of right.

### B. Motion to Amend

Plaintiff opposes amendment as untimely and prejudicial. Plaintiff argues that the Motion to Amend is untimely and should be denied on this basis alone (ECF 119 at 5; ECF 115 at 9 (citing *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) ("Untimeliness alone may be a sufficient basis for denial of leave to amend."))). Defendant filed the Motion to Amend on February 7, 2025, nearly one year after the March 27, 2024 deadline to amend pleadings (ECF 47).[1] The court thus agrees with Plaintiff that Defendant's Motion to Amend is untimely under the court's Second Amended Scheduling Order. However, as explained above, Defendant did not seek prior leave to file its Second Amended Counterclaims based on the belief that it could file this pleading as a matter of right and only filed the Motion to Amend as an alternative request in response to Plaintiff's Motion to Strike. Although the court has ultimately ruled against Defendant on this issue, the court acknowledges that Defendant had a good faith basis to support its arguments and therefore declines to summarily deny Defendant's Motion to Amend on the ground of untimeliness.

---

[1] Defendant's contention that counterclaims are not a pleading is unsupported by the law. *See Cincinnati Specialty Underwriters Ins. v. Red Rock 4 Wheelers*, 576 F. Supp. 3d 905, 918 (D. Utah 2021) ("Counterclaims are a pleading[.]").

Plaintiff argues that Defendant cannot show good cause under Rule 16 for the untimely filing because it should have known of the conduct in the Second Amended Counterclaims well before the deadline to amend pleadings (ECF 115 at 7). Specifically, Plaintiff argues that Defendant's new counterclaims for unjust enrichment and breach of contract based on the 2019 Agreement arise from conduct years before the lawsuit was filed (*id.*). Defendant responds there was no lack of diligence because Defendant asserted new counterclaims in response to Plaintiff's addition of claims in the First Amended Complaint (ECF 117 at 4). Defendant further argues that even if Defendant was aware of all three agreements, Plaintiff added claims under the 2016 Agreement and the 2019 Agreement in the First Amended Complaint despite only asserting claims under the 2018 Agreement in the original Complaint (*id.* at 5). Good cause under Rule 16 generally means that the movant must show the "scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch*, 771 F.3d at 1230 (quoting *Pumpco*, 204 F.R.D. at 668). The court finds that Defendant has established good cause for amending its counterclaims to address two agreements that did not previously expressly form the basis of Plaintiff's claims until Plaintiff filed the First Amended Complaint.

Plaintiff also opposes amendment under Rule 15 as prejudicial because the Second Amended Counterclaims raise significant new factual issues and theories of recovery that would require extensive additional discovery (ECF 115 at 9). In response, Defendant argues that Plaintiff will not be prejudiced where the Second Amended Counterclaims are based on the same 2016 Agreement and 2019 Agreement that Plaintiff asserts new claims under in the First Amended Complaint (ECF 117 at 7). Defendant further notes that no trial date has been set and a summary judgment motion remains pending before the court, which leaves sufficient time for Plaintiff to respond to the new counterclaims (*id.*).

Courts find prejudice "when an amendment unfairly affects nonmovants 'in terms of preparing their response to the amendment.'" *Bylin*, 568 F.3d at 1229 (quoting *Minter*, 451 F.3d at 1208). The "need to reopen discovery [and] a delay in the proceedings . . . are indicators of prejudice." *US Magnesium*, 2020 WL 2616212, at *2. However, "[a]n amendment is not prejudicial . . . if it merely adds an additional theory of recovery to the facts already pled." *Alfwear, Inc. v. Kulkote, LLC*, No. 2:19-cv-00027-CW-JCB, 2020 WL 4001242, at *2 (D. Utah July 15, 2020). Here, it is not clear whether additional discovery will be needed. Regardless, the fact discovery deadline has passed, and there is no motion to reopen discovery before the court. Both the First Amended Complaint and the Second Amended Counterclaims are based on similar operative facts relating to the 2016 Agreement and the 2019 Agreement. The court therefore concludes that granting Defendant leave to file its Second Amended Counterclaims would be in the interests of justice and outweighs any prejudice to Plaintiff. Thus, the court GRANTS the Motion to Amend.

### C. Motion to Strike

Plaintiff asks the court to strike Defendant's Second Amended Counterclaims. Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because "[s]triking a pleading or part of a pleading is a 'drastic remedy. . . motions to strike under Rule 12(f) generally are disfavored.'" *Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc.*, No. 09-CV-0455-CVE-FHM, 2010 WL 132414, at *5 (N.D. Okla. Jan. 8, 2010) (quoting *Burget v. Capital West Sec., Inc.*, 2009 WL 4807619, *1 (W.D. Okla. Dec. 8, 2009)). In light of the court's ruling granting the Motion to Amend and granting Defendant leave to file its Second Amended Counterclaims, the court hereby DENIES Plaintiff's Motion to Strike regarding this pleading as moot.

## IV. CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Defendant's Motion to Amend (ECF 117) is GRANTED, and Plaintiff's Motion to Strike (ECF 115) is DENIED.

IT IS SO ORDERED.

DATED this 25 September 2025.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah